**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRANDON A. FITZPATRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00348-JPG** |
| | ) | |
| **KEVIN JACKSON,** | ) | |
| **TROY HAILS,** | ) | |
| **and JEREMY OSBORN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Brandon Fitzpatrick's First Amended Complaint (Doc. 5). Brandon and Elizabeth Fitpatrick originally filed a lawsuit together under 42 U.S.C. § 1983 for constitutional deprivations that arose from an allegedly unlawful search, seizure, and arrest at their residence near Mount Vernon, Illinois. *See Fitzpatrick v. Kevin Jackson, et al.*, No. 25-cv-2216-JPG (S.D. Ill.). Mr. Fitzpatrick was in custody at the time of filing the original Complaint, and Ms. Fitzpatrick was not. The Court severed Mr. Fitzpatrick's claims into this separate action and ordered him to file an amended complaint focusing only on his claims. (Doc. 1, p. 6).

The First Amended Complaint (Doc. 5) is now before the Court for review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. §§ 1915A(a)-(b). At this juncture, the factual allegations in the *pro se* amended complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 5, pp. 1-5): Plaintiff brings claims for violations of his rights under the Fourth and Fourteenth Amendments against three employees of Mt. Vernon Police Department: Detectives Kevin Jackson, Troy Hails, and Jeremy Osborn. *Id*. at 1. He alleges that the detectives were involved in an unlawful search, seizure, and arrest at his private residence located outside of Mt. Vernon's city limits. *Id*. at 2. Around 10:00 a.m. on March 26, 2021, the detectives parked their unmarked car one block from the residence and forced their way into the home while wearing plain clothes and brandishing firearms. The detectives claimed to have a search warrant but never produced it. *Id*.

Plaintiff was immediately taken into custody. While escorting him to the patrol car, Detective Hails hip-tossed and body-slammed him onto the ground. At the time, Plaintiff was handcuffed. He was transported to Jefferson County Justice Center and interrogated for several hours. He was not booked into the Jail or held on any criminal charges on the day of the raid. The detectives found no contraband when raiding his home, and he was ultimately released without charges. *Id*. at 2, 4.

When he returned home around 5:00 p.m., Plaintiff found the front door standing open. His AKC-registered Belgian Malinois was running loose. The home looked "as if a bomb had detonated inside." *Id*. at 2. During the raid, Defendants broke the entry door to an outbuilding and destroyed or stole everything inside. They also broke the front door, tore up the floor and sub-floor, and busted through the drywall inside of the home. In the process, they damaged furniture, family heirlooms, and sentimental belongings. Defendants took $5,000 in cash, $5,000 in tools, and gold jewelry. They falsely reported seizing only $1,112 in cash. *Id*.

Plaintiff provided photographs of the damage to the Illinois Attorney General, Office of the Governor, and Risk Management. He also included copies with the First Amended Complaint. Jefferson County Sheriff's Office denies any involvement in this matter. *Id*.

From 2021 until 2025, Plaintiff sought "discovery and the common law record" for his related criminal case no. 21-CF-144 from Attorney Bryan Drew, Drew Law Group, LLC, the Jefferson County State's Attorney, and the Jefferson County Circuit Clerk of the Second Judicial Circuit. *Id*. at 3. He paid $800 in court reporting fees for a complete copy of the record, but Circuit Clerk Randy Pollard refused to release it to him. He retained Attorney Erin Conner to represent him in bringing a motion to vacate his sentence. Attorney Conner finally provided Plaintiff with a copy of the common law record and exhibits on May 5, 2025. When he reviewed it, Plaintiff discovered no search warrant, no field test, and no lab analysis for case no. 21-CF-144. From this, Plaintiff concluded that he was subjected to an unlawful search and seizure by Detectives Jackson, Hails, and Osborn on March 26, 2021. He filed a petition for post-conviction relief to document these findings in case nos. 21-CF-144, 18-CF-336, and 18-CF-128. *Id*.

Plaintiff later obtained an affidavit for a search warrant signed at 2:59 p.m. on March 25, 2021 by Detective Osborn and Judge Cristel. *Id*. at 4. On the same date, Plaintiff was physically present in Judge Cristel's courtroom from 9:30 a.m. until the lunch recess and again from 1:00 to 4:00 p.m. for an appearance in case nos. 18-CF-128 and 18-CF-336. No officer appeared to present a warrant application at any point, and his case was the last one heard that day around 3:45 p.m. According to Plaintiff, Detective Osborn's warrant was fabricated, invalid, or obtained through perjury. *Id*. He seeks an award of money damages for violations of his rights under the Fourth and/or Fourteenth Amendments. *Id*. at 6.

## Discussion

The Court designates the following claims in this *pro se* First Amended Complaint:

**Count 1:** Defendants unlawfully entered and searched Plaintiff's home without a valid warrant, probable cause, or lawful authority on March 26, 2021, in violation of his rights under the Fourth or Fourteenth Amendment.

**Count 2:** Defendants unlawfully seized Plaintiff without probable cause on March 26, 2021, in violation of his rights under the Fourth or Fourteenth Amendment.

**Count 3:** Defendant Hails used unreasonable and excessive force against Plaintiff when hip-tossing and body-slamming him during his arrest on March 26, 2021, and Defendants Jackson and Osborn failed to intervene and protect him, in violation of his rights under the Fourth or Fourteenth Amendment.

**Count 4:** Defendants unlawfully deprived Plaintiff of his property on March 26, 2021, in violation of his rights under the Fourteenth Amendment.

**Count 5:** Plaintiff suffered severe psychological trauma that was caused by Defendants' unlawful conduct on March 26, 2021, in violation of his right under the Fourth or Fourteenth Amendment.

**Any other claim implicated in the First Amended Complaint but not addressed herein are considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Counts 1 and 2

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend IV. The Constitution draws a "firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590 (1980). Warrantless searches and seizures inside a home are "presumptively unreasonable." *Canon v. Filip*, 163 F.4th 430, 436 (7th Cir. 2025) (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). Absent exigent circumstances, an officer cannot reasonably cross the threshold without a warrant. *Id*.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

According to the allegations, Defendants Jackson, Hails, and Osborn brandished firearms and forced their way into Plaintiff's residence on March 26, 2021, while claiming that they possessed a warrant. The detectives searched the home and arrested Plaintiff. In May 2025, Plaintiff learned that the detectives lacked a valid warrant, field test, or probable cause to support their actions on March 26, 2021. At this early stage, the allegations articulate a claim for an unlawful search (Count 1) and seizure (Count 2) against Defendants Jackson, Hails, and Osborn.

With that said, both claims appear to be time-barred. Section 1983 contains no statute of limitations. *See* 42 U.S.C. § 1983; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The Court borrows the statute of limitations for personal injury actions from the state where the alleged injury occurred. *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citation omitted). Plaintiff's injuries occurred in Illinois, so the Court looks to Illinois state law for the applicable limitations period. A two-year statute of limitations governs personal injury actions in Illinois. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

Plaintiff was required to bring suit within two years of the date each claim accrued. Accrual of a § 1983 claim occurs when a plaintiff "knows or should know that his or her constitutional rights have been violated." *Hileman v. v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004); *accord Reilly v. Will Cnty. Sheriff's Office*, 142 F.4th 924, 930 (7th Cir. 2025). It is enough that a plaintiff knew of his injuries and who inflicted them. *See United States v. Kubrick*, 444 U.S. 111, 122 (1979) (ignorance of legal rights should not delay accrual if the plaintiff knew he was injured and who inflicted the injury). When determining the accrual date, the court first considers the date of a plaintiff's injury and then determines when the plaintiff could have sued for the injury. This latter date should coincide with the date a plaintiff "knows or should know" his rights were violated. *Hileman*, 367 F.3d at 696.

A Fourth Amendment claim based on an unlawful search and seizure accrues at the time of the search or seizure. *Nieta v. City of Chi*., 830 F.3d 494, 498 (7th Cir. 2016); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Plaintiff's causes of action for the allegedly unlawful search (Count 1) and seizure (Count 2) accrued on March 26, 2021, which was the date that his home was raided and he was arrested. He knew, or should have known, that his rights were violated on that date. Even if he did not fully understand the legal theory that entitled him to relief, Plaintiff could have filed suit. The two-year statute of limitations began running on March 26, 2021 and expired on March 26, 2023.

Plaintiff filed suit much later, on December 22, 2025. These claims could still be timely, however, if the statute of limitations were tolled. For cases filed in this state, Illinois equitable tolling rules apply. *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001). The doctrine of equitable tolling allows a plaintiff to avoid a statute of limitations if he cannot obtain necessary information about his claim through the exercise of due diligence. *Id*. at 595. According to the allegations, Defendants claimed that they possessed a search warrant at the time they raided the home on March 26, 2021, and Plaintiff was unable to disprove this, regardless of his diligent efforts to do so, until his attorney produced the record to him on May 5, 2025.

Normally, at the pleadings stage, "[p]laintiffs are not required to anticipate or refute" an affirmative defense, including the statute of limitations. *Reilly*, 142 F.4th at 930 (citing *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022)). At the same time, the Court is required to accept well-pleaded facts as true and construe all allegations in favor of a *pro se* plaintiff. Against this backdrop, Counts 1 and 2 survive screening under 28 U.S.C. § 1915A. However, the parties are free to take up this issue at a later stage of litigation, if appropriate. *See, e.g., Fitzpatrick v. Jackson, et al.*, No. 25-cv-02216-JPG (S.D. Ill.) (Doc. 39) (denying

Rule 12(b)(6) motion to dismiss on statute of limitations grounds but inviting parties to address the issue at summary judgment).

**Count 3**

A Fourth Amendment claim arising from the use of excessive force during an arrest "accrues immediately." *Evans v. Poskon*, 603 F.3d at 363. Thus, Plaintiff's claim accrued and the statute of limitations began to run at the time Defendant Hails used excessive force against him and Defendants Jackson and Osborn failed to stop its use on March 26, 2021. *Id*. The existence or non-existence of a warrant does not change the accrual date for this claim or trigger equitable tolling. According to the allegations, the force used by the defendants was excessive regardless. Plaintiff was required to bring the excessive force claim no later than March 26, 2023. Because he waited until December 22, 2025, Count 3 shall be dismissed with prejudice as untimely.

**Count 4**

Plaintiff also claims that his property was damaged or destroyed by the three detectives on March 26, 2021, in violation of his rights under the Fourth or Fourteenth Amendment. The Fourteenth Amendment guards against deprivations of life, liberty, or property without due process of law. U.S. CONST. amend XIV. To pursue a claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of property without due process. Where the state provides an adequate remedy, however, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides adequate post-deprivation remedies, including an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted). Given this, Count 4 shall be dismissed for failure to state a claim, and this dismissal shall be without prejudice to Plaintiff pursuing relief in the Illinois Court of Claims.

**Count 5**

Plaintiff's claim of severe emotional distress falls short of the pleading standards described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a district court must generally accept a complaint's allegations as true, this tenet is inapplicable to conclusory statements and threadbare recitals of a cause of action. *Twombly*, 550 U.S. at 555. Plaintiff's claim relies on conclusory assertions. He alleges that the events described in the complaint caused severe emotional distress. However, he does not describe any symptoms, diagnosis, or treatment resulting from the incident on March 26, 2021. In *Twombly*, the United States Supreme Court explained that a complaint fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The First Amended Complaint sets forth insufficient facts to articulate a plausible claim for severe emotional distress under federal or state law, so Count 5 shall be dismissed without prejudice.

**Disposition**

The First Amended Complaint (Doc. 5) survives review under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **2** will proceed against **KEVIN JACKSON, TROY HAILS,** and **JEREMY OSBORN**. However, **COUNT 3** is **DISMISSED** with prejudice as time-barred, and **COUNTS 4** and **5** are **DISMISSED** without prejudice for failure to state a claim against **ALL DEFENDANTS**.

In connection with **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **KEVIN JACKSON, TROY HAILS,** and **JEREMY OSBORN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 5), and this Memorandum and Order to the defendant's place of employment. If the defendant fails

to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-LR 8.2, Defendants need only respond to the issues in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/7/2026**

**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter appearances and file Answers to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the answers, but it is entirely possible that it will take 90 days or more. When the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendants' counsel files an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.